[No. 20318.   Department One.   March 28, 1927.]

RAY R. GREENWOOD, *Respondent*, v. WALTER ANDERSON, *Appellant*.[1]

[1] HIGHWAYS (52, 57)—NEGLIGENT USE OF MOTOR VEHICLES—EVI-
DENCE—SUFFICIENCY.  Findings as to negligence in failing to
drop back to the right of the road, behind a car that defendant
was trying to pass, are sustained where he was attempting to
pass at the foot of a hill, and upon the approach of another
car at the·top of the hill, he turned off to the left without
leaving sufficient room for the approaching car to pass between
the two other cars.

Appeal from a judgment of the superior court for
Kitsap county, Gilliam, J., entered May 22, 1926, upon
findings in favor of the plaintiff in an action for dam-
ages resulting from a collision of motor vehicles.
Affirmed.

*Van Dyke & Thomas*, for appellant.

*Reynolds, Ballinger & Hutson* and *Lynwood W. Fix*,
for respondent.

MAIN, J.—The purpose of this action was to recover
damages to an automobile, claimed to have been due ·
to the negligence of the defendant.   In the answer, con-
tributory negligence on the part of the plaintiff is
pleaded affirmatively.   The cause was tried to the court
without a jury and resulted in findings of fact and
conclusions of law sustaining the plaintiff's right to
recover in the sum of $299.59.   From the judgment
entered, the defendant appeals.

The following will be a sufficient summary of the
facts.   The accident out of which the litigation arose
happened on May 22, 1925, on a highway leading west
from the city of Charleston in Kitsap county.   The
appellant was proceeding west driving an automobile

[1]Reported in 254 Pac. 452.

owned by him. At the foot of a hill, he started to pass a Ford coupe which was in front. The respondent was proceeding easterly on the same highway and when the car driven by him came over the knob of the hill the appellant, instead of dropping back of the Ford on his right hand side of the road, turned to his left and drove his car up against the bank on that side of the road. This forced the respondent to attempt to pass between the appellant's car and the Ford coupe. In doing so, the right rear of the respondent's car collided with the right front of the appellant's and the damage was done for which the action was brought.

There is nothing in the case, as we view it, except a question of fact. It cannot be successfully contended that the appellant was not negligent in attempting to pass the Ford coupe going up hill when he did not have a clear vision ahead for a sufficient distance and he was also negligent in turning to the left. The appellant objects to the judgment of the trial court principally on the ground that he claims the respondent was guilty of contributory negligence which should defeat his recovery. Whether the respondent was guilty of contributory negligence depends on the speed at which he was traveling at the time and just before the accident. Upon this question the evidence is in sharp conflict. The trial court, after hearing and seeing the witnesses, found that the respondent at the time was driving in a "careful and prudent manner." After giving careful consideration to all of the evidence, we are unable to say from the record that the trial court's view as to the weight to be given to the testimony should not prevail.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and ASKREN, JJ., concur.