WILLIAM SCHUSTERMAN vs. TILLIE ROSEN.

BETTY SCHUSTERMAN vs. SAME.

SAMUEL SCHUSTERMAN vs. SAME.

BERTHA SCHUSTERMAN vs. SAME.

ETHEL SCHUSTERMAN vs. SAME.

Berkshire.    September 20, 1932. — October 31, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

Negligence, Motor vehicle, Gross, Contributory, In use of way, Imputed. Practice, Civil, Opening statement by counsel, Requests, rulings and instructions, Rules of court, Ordering verdict.

Upon evidence, at the trial of actions for personal injuries by guests in an automobile against their hostess, who was driving it, which warranted findings that at night the defendant, with her view obstructed and while proceeding at a speed of more than thirty-five miles an hour, undertook to pass an automobile ahead of her on a curve while descending a mountain road with a steep grade and, while proceeding partly upon her left side of the road, collided with a truck which was travelling in the opposite direction on its extreme right of the road, a finding that the defendant was guilty of gross negligence was warranted.

Upon evidence at the trial above described, that none of the plaintiffs knew how to drive an automobile or was well acquainted with the road, that two of them told the defendant shortly before the accident not to go so fast, and that one of them who occupied the front seat was watching the road before the accident occurred, and in the absence of evidence of anything in the defendant's operation of the automobile before the accident apart from its speed which had called for any protest or objection, it could not rightly have been ruled that

any of the plaintiffs voluntarily surrendered all care of himself to the defendant or that her negligence was to be imputed to them or to any of them.

Counsel for the defendant in his opening statement to the jury at the trial of an action of tort for personal injuries, in commenting upon certain answers by the defendant to interrogatories propounded by the plaintiff, stated that he would "not call" the defendant "to the stand, and as far as she has any testimony to give in this case, as far as we go, her testimony is ended with the reading of those interrogatories," and continued: "I think, however, it's entirely proper for me to say to you that we ask you on that evidence to weigh it under the instructions of the court as to its bearing — . . . weigh it in connection with such instructions as the court would give, for such bearing as it may have on any verdict that you may be called upon to render in this case." The trial judge stated, addressing the counsel: "This is no part of an opening." The defendant's counsel excepted. *Held*, that no abuse of discretion by the judge was shown, and the exception was overruled.

Requests for rulings at the trial of an action which in effect sought only the ordering of a verdict properly were denied because in violation of Rule 71 of the Superior Court (1932).

A trial judge properly may refuse a request for a ruling which recites as the basis of the request certain facts which might or might not be found by the jury and separates them from other parts of the testimony as subjects for a special instruction upon their effect as evidence.

FIVE ACTIONS OF TORT, three by women for personal injuries sustained by them while guests in an automobile driven by the defendant and alleged to have been caused by gross negligence of the defendant, and two by husbands of two of the women for consequential damages. Writs dated January 6, 1930.

In the Superior Court, the actions were tried together before *W. A. Burns,* J. Material evidence is described in the opinion.

In his opening statement to the jury, counsel for the defendant, commenting upon answers by the defendant to interrogatories propounded by the plaintiffs, and after having stated that he would "not call" her "to the stand and, as far as she has any testimony to give in this case, as far as we go, her testimony is ended with the reading of those interrogatories," continued: "I think, however, it's entirely proper for me to say to you that we ask you on that evidence to weigh it under the instructions of the court as to its bearing — ." The plaintiffs' counsel interrupting, the judge

stated to the defendant's counsel: "This is no part of an opening." The defendant's counsel stated: "I think it is, your Honor, and if you say not, I desire to save my exception." The judge replied: "I say not. Note the exception." The defendant's counsel then continued: "I was about to say, weigh it in connection with such instructions as the court would give, for such bearing as it may have on any verdict that you may be called upon to render in this case. I was interrupted, and I except."

At the close of the evidence, the defendant moved in each action that a verdict be ordered in her favor. The motions were denied. The defendant then asked for the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. The plaintiff was guilty of contributory negligence and cannot recover.

"3. The defendant was not guilty of gross negligence and the plaintiff cannot recover.

"4. If the jury find the defendant's automobile proceeding along the road at a rate of speed at about thirty-five miles an hour and attempted to pass an automobile proceeding ahead of her and in the same direction of her car if she had room to pass between the car ahead of her and the truck coming toward her and in turning out to so pass misjudged the position of the truck and collided with it because she turned too far to the left such conduct is not gross negligence.

"5. In this case any negligence of the defendant is imputable to the plaintiff and she cannot recover in this action."

The rulings were refused. The record sets out the entire charge to the jury.

Verdicts were recorded, subject to leave reserved under G. L. c. 231, § 120, for the plaintiffs, respectively, in the sums of $457.25, $146.33, $221, $581, and $816.66. Motions by the defendant that verdicts be entered for the defendant under leave so reserved were denied.

The defendant alleged exceptions.

*C. H. Wright*, for the defendant.

*J. M. Rosenthal*, for the plaintiffs.

CROSBY, J.  These are five actions of tort.  The three
female plaintiffs seek to recover for personal injuries sus-
tained while riding in an automobile as guests of the defend-
ant.  The actions brought by the male plaintiffs are to
recover for consequential damages arising out of injuries
to their respective wives.  The defendant is related to all
the plaintiffs.  The accident occurred in the town of Han-
cock, on the main highway between Albany and Pittsfield,
when an automobile, owned by the defendant's husband
and operated by the defendant, collided with a truck.  On
the morning of October 29, 1929, the defendant had taken
her two young children and the three female plaintiffs from
Pittsfield to Albany on a pleasure trip.  On their return,
shortly after six o'clock in the evening of the same day,
and when it was dark, the accident occurred on the easterly
side of Lebanon Mountain, so called.  The plaintiff Betty
Schusterman occupied the front seat of the car with the
defendant.  The other female plaintiffs were in the rear
seat with the two children.

There was evidence tending to show the following facts:
The highway where the collision occurred is eighteen feet
wide, with shoulders about two feet in width; on the north
side of the road there is a "culvert or depression," the
deepest part being about three feet; on the south side
there is a steep decline; the road slopes toward the east,
the direction in which the automobile was travelling, and
is on a down grade of four and one half per cent.  The car
driven by the defendant was following another car and just
before the accident the defendant turned to the left to pass
this car and collided with a truck which was bound westerly.
The plaintiff who sat on the front seat testified that at the
place where the defendant attempted to pass the car ahead
of her there was a curve in the road, and that the view was
obstructed.  There was other evidence which tended to show
that at that place the road was straight.  The defendant tes-
tified that she could not see through the car ahead of her.
There was evidence that when the defendant turned to the
left and attempted to pass the car ahead of her she was travel-
ling at a rate of over thirty-five miles an hour.  The defend-

ant's car struck the truck with sufficient force to bend backward its heavy left axle two inches, and its front wheel on the left side was also pushed back. The truck weighed six and one half tons. There was evidence that the plaintiff who sat beside the defendant, and one of the two plaintiffs who were on the rear seat, shortly before the collision told the defendant not to go so fast. It did not appear that these warnings were heeded by the defendant. None of the female plaintiffs knew how to operate an automobile. There was evidence that the truck was about twenty feet long, eight feet wide, and between ten and twelve feet above the ground at the top. With the exception of the lettering the entire body was painted white. It was lighted at the time of the accident with two lights in front over the cab, one on each side, and two red lights in the rear at the top of the body. There was evidence that at the time of the collision the truck was travelling upon its extreme right side of the road and that it could not have been turned farther to its right without going into a ditch.

The State inspector of motor vehicles testified, in substance, that he reached the scene of the accident about an hour after it occurred, and that practically one half of the automobile driven by the defendant was northerly of the center of the road, the left rear wheel being a little to the south of the center.

If, as the jury could have found, the accident occurred on a curve and where there was not an unobstructed view of the road for at least one hundred yards, it was the duty of the defendant to keep her automobile to the right of the middle of the travelled part of the way when it was safe and practicable to do so. Failure in this respect would be a violation of law. G. L. (Ter. Ed.) c. 89, § 4. The evidence warranted a finding that the defendant became liable for all damages under G. L. (Ter. Ed.) c. 89, § 5. There was no traffic in the immediate vicinity at the time of the accident apart from the automobile that was followed by the one driven by the defendant, and which met and passed the truck in safety just before the collision occurred.

If the jury believed the evidence offered by the plaintiffs, together with the reasonable inferences which might be drawn therefrom, they could have found that in the darkness of the night the defendant with her view obstructed undertook to pass the automobile ahead of her on a curve with a steep grade while descending a mountain road with a declivity on one side at a speed of more than thirty-five miles an hour and, proceeding partly upon her left side of the road, collided with the truck which was travelling in the opposite direction on its extreme right of the road. If this evidence were believed, we are of opinion that, although the case is close, the defendant could have been found to have been grossly negligent. *Altman* v. *Aronson,* 231 Mass. 588. *Bruce* v. *Johnson,* 277 Mass. 273, and cases cited. *Gionet* v. *Shepardson,* 277 Mass. 308. The cases cited and relied on by the defendant are distinguishable in their facts from the case at bar.

It is the contention of the defendant that the female plaintiffs were not in the exercise of due care and that they assumed the risk arising from the defendant's conduct. So far as appears there was nothing in the defendant's operation of the automobile which called for any protest or objection apart from its speed. None of these plaintiffs knew how to drive an automobile or was well acquainted with the road but two of them told the defendant shortly before the accident not to go so fast, and the plaintiff who occupied the front seat testified that she was watching the road before the accident occurred. It is manifest that it could not rightly have been ruled that these plaintiffs voluntarily surrendered all care of themselves to the care and caution of the defendant and that her negligence was to be imputed to them. Whether they were in the exercise of due care was for the jury to decide. *Caron* v. *Lynn Sand & Stone Co.* 270 Mass. 340, 344–346. *Gallup* v. *Lazott,* 271 Mass. 406, 409.

In his opening the defendant's counsel referred to certain matters which the trial judge ruled were not a proper part of the opening; to this ruling the defendant

excepted. The ruling was correct. There is nothing in the record to show an abuse of judicial discretion in the action of the judge. *Posell* v. *Herscovitz*, 237 Mass. 513, 515.

After the close of the evidence the defendant filed a motion in each case that a verdict be directed in her favor. The motions were denied and the defendant excepted. For the reasons hereinbefore stated, these exceptions must be overruled. The defendant in each case thereafter filed five requests for rulings. The first, second, third and fifth were in substance and effect requests for a directed verdict. They were rightly denied. Whether a verdict should be directed must be raised by a motion, and cannot be raised by a request for instructions to the jury. Common Law Rule 44 of the Superior Court (1923); now Rule 71 of the Superior Court (1932).

The fourth request recited certain facts that might or might not be found by the jury. This request was properly refused as "the judge was not bound to comply with a request in this form, and to select evidential facts that might or might not be found by the jury, and separate them from other parts of the testimony as subjects for a special instruction upon their effect as evidence." *Bourne* v. *Whitman*, 209 Mass. 155, 164. *Buckley* v. *Frankel*, 262 Mass. 13, 15, 16.

A reading of the charge shows that the respective contentions of the parties were fairly stated, and that the principles of law involved were adequately and accurately dealt with in the instructions.

As we perceive no error in the conduct of the trial, the entry must be

*Exceptions overruled.*