Wilson, J.
This was an action of tort seeking recovery for injuries sustained by the plaintiff when she was thrown out of the defendant’s automobile. The cause thereof was alleged to be a defective lock on the door which permitted the door to open while the car was rounding a street corner. The declaration was in six counts. The only one now material being the fourth count, alleging gross negligence, upon which the court found for the plaintiff. The answer of the defendant was a general denial and contributory negligence.
The defendant seasonably presented ten requests for rulings, in accordance with the first, second and third requests, the trial judge correctly instructed himself that the plaintiff was a guest in the defendant’s automobile; that the burden was upon the plaintiff to prove the gross negligence of the defendant, and if the plaintiff’s negligence contributed to the accident she could not recover. The remaining requests were all denied except the fourth, which was *300 denied “as worded” for reasons given by him as hereinafter set out. Said remaining requests are as follows:
IY. There is no evidence of gross negligence on the part of the defendant as to:
(a) Excessive rate of speed.
(b) Failure to have his automobile under proper control prior to or at the time of the accident.
Y. The defendant did not have any knowledge of a defect in the door prior to the time of the accident.
YI. The defendant did not have such knowledge of a defect in the door prior to the time of the accident as would make his failure to correct the same equivalent to gross negligence.
YU. The defendant did not have such knowledge of a defect in the door prior to the time of the accident as would make his failure to warn the plaintiff equivalent to gross negligence. .. ,
YIII. On all the evidence the defendant had no i ason to believe that the door might suddenly open at the time of the accident.
IX. On all the evidence in the case the defendant did not show such reckless disregard of a plain duty to the public or a heedless and palpable viola,tion of a legal duty to the plaintiff as would make him guilty of gross negligence.
X. There is no evidence to justify a finding that the defendant was guilty of gross negligence.
The court made the following findings of fact and rulings of law:
“The plaintiff is the sister-in-law of the defendant and with her sister, who is the defendant’s wife, and her mother live in the same house with him. Their relations are friendly and the defendant admittedly was desirous that the plaintiff should recover in this action as any recovery would be satisfied by his insurance company. The suit was defended under the terms of the insurance policy by an attorney for the insurance company. The situation presented was that of a nominal defendant biased in favor of the plaintiff, testify *301 ing against Ms own apparent but not against bis real interest. Under these circumstances I allowed Mm to be cross-examined by Ms attorney of record. He was as far as the trial of the case was concerned a witness hostile to the defence.
“Prior to the trial he had made written statements to the insurance company which differ materially from his statements made under oath at the trial. I find, however, that the statements made at the trial 'by the defendant were in general true and the statements made to the insurance company were in some particulars not true.
“The defendant on the morning of the accident offered to take his wife and the plaintiff to do some shopping. The automobile was parked beside their house with the right side to the curb. The three went out and the defendant opened the single door on the right and tipped the right seat forward. His wife got into the rear seat. He then tipped the seat down and the plaintiff got in and occupied it. The defendant slammed the door in a manner which would have securely fastened it if it had been in proper repair. He then went around the automobile, opened the single door on the left side of the car, got in and drove away. The plaintiff was seated on the single seat at his right with her hands folded on her lap. TMs seat was close to the door at her right. No warning was given her that she was in a dangerous position owing to the fact that the door might open at any time when the automobile was operated in an ordinary manner. When the automobile rounded the first corner going to the left the plaintiff naturally swayed to the right owing to centrifugal force, the door opened due to the same force and she fell out.
“The lock of the door was defective. The defendant knew that this was so. It had come open two days before' this when the defendant was going around a corner and had given the defendant trouble several times before. The plaintiff had no knowledge of this. “I find that the accident was caused by the gross negligence of the defendant in not having his automobile in repair, in operating it when he knew it was not in repair and in placing the plaintiff in a position of dan *302 ger without warning her when he knew or ought to have known that the door might open in rounding a corner as it did at the time the accident happened.
“I deny number 4 as worded. While the rate of speed and the control of the automobile might be considered proper under some circumstances with the automobile in the condition described the defendant was required to use extreme precautions to prevent such accident as occurred. I deny all other requests of the defendant.
“In view of my findings it is not necessary to consider the plaintiff’s requests in detail.”
The defendant’s fourth request was properly dealt with. It dealt with fragments of the evidence only. It was said in Hicks v. New York, New Haven and Hartford Railroad, 164 Mass. 424, 428:
“It is largely a matter of discretion for the presiding judge as to how far he will discuss different phases of the testimony upon a particular subject and give specific instructions, each founded upon only a part of the testimony bearing upon the subject.”
And in Barnes v. Berkshire Street Railway, 281 Mass. 47, 50 it was said:
“For sound practical reasons, there has been established and applied in various ways in many cases, from Young v. Durgin, 15 Gray, 264, to Schusterman v. Rosen, 280 Mass. 582, the rule that instructions cannot be required as to the legal effect of a fragment only of the evidence or subsidiary facts bearing upon a particular issue. ...
“Where the evidence warranted also the finding of different or additional facts relating to the same issue, the trial judge has been upheld in refusing such a request without regard to its legal accuracy.”
And see cases there cited.
The fifth and eighth requests were for findings of fact which the trial court was not obliged to give. Castano v. Leone, 278 Mass. 429, 431.
*303 The sixth and seventh requests could have been properly refused for the same reason. It is usually a combination of facts, rather than one fact alone, which grouped together warrant a finding of gross negligence. Lefeave v. Ascher, Mass. Adv. Sh. (1935) 2361, 2363. Bruce v. Johnson, 277 Mass. 273. Connors v. Boland, 282 Mass. 518, 522. Cini v. Romeo, Mass. Adv. Sh. (1935) 1197.
The ninth and tenth requests raise the issue of whether any fact or combination of facts are sufficient to support a conclusion of gross negligence by the trial judge.
The plaintiff relies upon the finding of the trial judge “that the accident was caused by the gross negligence of the defendant in not having'his automobile in repair, in operating it when he knew it was not in repair and in placing the plaintiff in a position of danger without warning her when he knew or ought to have known that the door might open in rounding a corner as it did at the time the accident happened.” The court also found that the lock was defective, that the defendant knew of it and the plaintiff did not, that the door had opened in rounding a corner only two days before.
The evidence in its aspect most favorable to the plaintiff was sufficient to warrant the trial judge in finding all said facts.
Gross negligence has been defined in this Commonwealth in Altman v. Aronson, 231 Mass. 588, 591, and the distinction between negligence and gross negligence has been repeatedly pointed out. See Richards v. Donohue, 285 Mass. 19. Cook v. Cole, 273 Mass. 557.
In Cini v. Romeo, Mass Adv. Sh. (1935) 1197, 1200, it was said:
“Although no single incident of the driving was an act of gross negligence, the combination of acts in the circumstances was sufficient to warrant a jury in *304 finding as a conclusion of fact from all the evidence that the defendant was heedless, that he utterly disregarded the rights of the plaintiff and so was grossly negligent. ’ ’
See also Lefeave v. Ascher, Mass. Adv. Sh. (1935) 2361. Channon v. Lynch, Mass. Adv. Sh. (1935) 2323. Jones v. Melvin, Mass. Adv. Sh. (1936) 21.
We are of opinion that the trial court upon consideration of the combined circumstances was justified in concluding the defendant was guilty of gross negligence.
In Caverno v. Houghton, Mass. Adv. Sh. (1936) 791, 792, there was no evidence of any defect in the door of which the defendant had knowledge.
The relationship by marriage which existed between the plaintiff and defendant was only an incident to be taken into consideration by the court in arriving at the credibility and weight to be accorded their testimony. Horneman v. Brown, 286 Mass. 65. Lubowitz v. Taines, Mass. Adv. Sh. (1936) 101. The record clearly shows the judge to have been keenly aware of that situation. The credibility and weight of the evidence was within his province. Kirkland v. Lawrence, Mass. Adv. Sh. (1935) 2383. Murnane v. MacDonald, Mass. Adv. Sh. (1936) 1073, 1075. Davis v. Boston Elevated Railway, 235 Mass. 482, 501, 502.
The defendant also claimed the trial court erred in admitting the record of the Nash New England Company showing that the lock on the car had been repaired after the accident occurred. This was at most harmless error. The fact that repairs had been so made appears in the statement which was introduced by the attorney for the defendant in his cross examination of the defendant without objection. The fact was already in the case. The introduction of the record could not prejudice the defendant. Morrison v. Lawrence, 186 Mass. 456, 458. Clark-Rice Corp. *305 v. Waltham Bleachery &c., 267 Mass. 402, 412. See also Goodell v. Sviokcla, 262 Mass. 317, 318, holding that evidence of subsequent repair, may be sometimes shown in rebuttal.
No prejudicial error appears in the conduct of the trial of the case at bar and the report is dismissed.