FRANKLIN *v.* BADINELLI.

4-6958                          168 S. W. 2d 397

Opinion delivered February 8, 1943.

*John L. Anderson, O. C. Brewer, George K. Cracraft* and *Fred A. Isgrig,* for appellant.

*C. L. Polk, Jr.,* for appellee.

McHANEY, J. Appellees, Carrie May Badinelli and Lucile O'Bryan Erwin, mother and daughter, respectively, brought separate actions against appellant to recover damages for personal injuries sustained by them, on the afternoon of July 19, 1941, as the result of a collision between the car in which they were riding and a truck owned by appellant and being operated at the time by his servant and employee and on his business. The accident occurred on the highway between Helena and West Helena, which runs east and west and which is about 38 feet wide, the south 18 feet being asphalt and the north 20 feet being concrete. Appellees were traveling east, from West Helena to Helena. The truck was going west and was following a passenger bus going west. The bus stopped to discharge a passenger, and, just as the bus had started forward, the driver of the truck started to pass the bus and ran into appellees almost head on. Negligence was charged against the driver of the truck in failing to keep a proper lookout and in violating the law with reference to passing vehicles on the highway. Each complaint detailed the injuries received and prayed for damages in large sums. The answers consisted of general denials. The cases were consolidated for trial and have been briefed together here. Trial resulted in a verdict and judgment for Mrs. Badinelli in the sum of $11,000 and for Mrs. Erwin in the sum of $7,000. This appeal followed.

Appellant first contends that the court erred in refusing to direct a verdict in his favor. We cannot agree with this contention. Appellant's truck driver was not offered as a witness by him although, as appellees say, he was available. Without indulging in any presumptions that might be drawn from this fact, we think the evidence offered by appellees was sufficient to

justify the jury, if not to compel it to so do, in a finding that the driver of the truck was negligent in failing to keep a proper lookout or in failing to observe the provisions of § 6718 of Pope's Digest which provides: "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction."

The facts as reflected by the record most favorable to appellees, if not wholly undisputed, show that the bus, after stopping to discharge a passenger, was resuming its trip, traveling upon the north side of the concrete part of the highway, when appellant's employee, Clarence Howell, drove his truck loaded with ice against the car of appellees, which was being driven by Mrs. Badinelli on the asphalt part of the highway in an endeavor to pass the bus. The jury had the right to find that Howell was not keeping a lookout, or that he deliberately took a chance in passing the bus of avoiding a collision with the oncoming car of appellees, in which event he was in violation of said statute. We think the case of *Lowe v. Ivy*, 204 Ark. 623, 164 S. W. 2d 429, has no bearing on this case. There was no violation of either said statute or the city ordinance in that case, whereas here, we have a clear violation of the statute which the jury had a right to consider along with other facts and circumstances in the case in determining whether appellant's driver failed to exercise ordinary care in the circumstances. Appellant contends that his driver was confronted with an emergency and that he drove out on the asphalt portion of the highway to avoid hitting the car, even though he could have passed in safety between the bus and the car. The emergency was created by his own negligence in pulling out from behind the bus with-

out knowing it was free of oncoming traffic. As said in *Universal Automobile Ins. Co. v. Denton,* 185 Ark. 899, 50 S. W. 2d 592: "Under the law of this state, as declared in the statute above quoted, Davis should not have attempted to pass the oil company truck until he had seen that he could do so safely, and his action to the contrary, under the undisputed evidence in the record before us, must be held to be the sole proximate cause of the collision." See, also, *Standard Oil Co. of La.* v. *Davis,* 185 Ark. 910, 50 S. W. 2d 596.

Appellant also argues that instruction No. 3 for appellee is error because it stated an abstract rule of law and that it was prejudicial because there "was a subtle suggestion that the defendant had been guilty of a violation of the law as defined by the court." Said instruction stated the duty of the driver of an automobile upon a public highway was "to drive the same with due care and circumspection, having due regard to the traffic and safety of others, and he has no right to drive in such manner as to endanger the life, limb or property of a person." We see no error in the instruction. It is conceded to be a correct declaration. It is said that it should have continued by advising the jury that, before they could find for plaintiffs, they must find that the driver of the truck had been guilty of violating the rule announced. No request was made by appellant to this effect. The evidence was sufficient for the jury to find he had operated his truck in violation of law.

It is finally insisted that the verdicts are excessive. As to Mrs. Badinelli's judgment for $11,000, it may first be said that she has, up to date of trial, had to pay out in expenses for nurses, doctors, hospital, ambulances, a brace, a crutch, drug expenses, broken eyeglasses, damaged clothing and other miscellaneous expenses and loss of salary the sum of $4,849.80. She received lacerations to the left breast and side and to the left eye and a complete fracture of the left femur. After about two months in a Helena hospital, where a union was not effected, she was taken to Dr. Speed of the Campbell Clinic in Memphis where she was required to remain for more than two months. Her left leg is longer than the right

one by about one inch. Two of her physicians think she will never be able to perform the ordinary duties of her life. As to Mrs. Erwin's judgment for $7,000, it may be first said that she has incurred a total expense, by way of salary loss, medical, hospital, nurse hire and drug charges, of $1,835.70. She received a severe brain contusion, was rendered unconscious and her life despaired of. She suffered lacerations to her forehead, lip and left shoulder. She was in a state of coma for eight or nine days. She received such injuries to her nervous system that her local physicians called in an eminent neurologist of Memphis. She has recovered to the extent that she returned to office work for her employer in January, 1942.

We are unwilling to say the amounts of these verdicts are not supported by the evidence. When we consider, as the jury no doubt did, the pain and suffering endured by these ladies and also that they will continue to suffer; the disfigurements of faces and bodies; the expenses entailed, including loss of salaries in their respective positions, we cannot say these verdicts are excessive. But appellant says there is no proof of their expenses except their own statements of what they incurred, no receipted bills, no bills of any kind. Appellant did not ask for bills or canceled checks and he did not object to any of their testimony in this regard on any account.

We find no error, and the judgments are affirmed.