SANTA FE TRAIL TRANSPORTATION CO. et al. v. ROADWAY EXPRESS, Inc.

No. 32168.   May 7, 1946.

*169 P. 2d 197.*

Banker & Bonds, of Muskogee, for plaintiffs in error.

W. E. Green, J. C. Farmer, Robert J. Woolsey, and David H. Sanders, all of Tulsa, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered in favor of plaintiff, Roadway Express, Inc., against Santa Fe Trail Transportation Company and its insurance carrier, Massachusetts Bonding & Insurance Company, for damage caused to the truck of Roadway Express, Inc., resulting from a collision between the truck and the bus of the transportation company.

Defendant transportation company by way of counterclaim sought to recover damages to its bus resulting from such collision. The trial was to the court.

The only question here presented is which, if any, of the parties was guilty of negligence.

It is the contention of defendant that the collision was caused solely by negligence of plaintiff and that the judgment of the trial court is not supported by the evidence.

The accident occurred about 4:30 on the morning of Christmas 1943, and occurred on an overpass across the tracks of the Frisco Railway Company on Highway 75 a short distance south of Okmulgee. The weather was freezing. It was cold and cloudy and misting and the overpass was covered with ice. The bus was being driven by Haskell Derryberry and the truck by W. A. Sharp.

The bus on the morning of the accident entered the overpass from the south. The driver upon reaching such overpass discovered that an automobile driven in the same direction was stalled on the pass. The driver stopped the bus within about 40 feet of the automobile and after some discussion with the driver thereof he proceeded to pass on the lefthand side. He was then driving upgrade. After having traveled about 40 feet to a point where the bus was almost opposite the stalled automobile, he saw the reflection in the sky from the headlights of the truck entering the overpass from the north. The north end of the overpass is more abrupt than that of the south and the grade steeper. The driver of the bus could not see the truck nor could the driver of the truck see the bus until the truck reached the top of the overpass.

After discovering his peril the driver of the bus sought to warn the driver of the truck by flashing off and on his headlights, but the evidence shows that the driver of the truck did not see the signal and he kept moving forward; it was then impossible for the driver of the bus, on account of the icy condition of the overpass, to retreat and resume his position on the right and to the rear of the stalled automobile.

When the driver of the truck reached the top of the overpass and discovered the position of the bus he applied the brakes and attempted to stop but the truck kept skidding. He then attempted to hold the truck by turning into the curbing of the overpass but without avail, and the truck kept skidding into the bus, causing the damage.

The driver of the truck testified that he was driving over the overpass at a rate of speed of about 25 or 30 miles per hour; that he had been traveling all night and that he encountered no sleet or ice anywhere along the way until he reached this overpass and did not know the icy condition thereof until he reached the top and started sliding downgrade. The driver of the bus testified that the truck was being driven,

in his opinion, at the rate of speed of about 40 miles per hour, but that he could not and did not see the truck until it reached the top of the overpass. He further testified that he had been driving since midnight that night; that he encountered sleet and ice in crossing culverts and bridges, but that such condition did not exist generally on the highway.

It is the theory of plaintiff that the driver of the bus, knowing the icy condition of the overpass and knowing that traffic coming from the opposite direction could not see the position of his bus and that it would be very difficult for such vehicle to stop after reaching the top of the overpass, was guilty of negligence in attempting to pass the stalled automobile without first attempting to ascertain whether the way was clear and that such passage could be made with safety; that the law charged him with the duty to in some manner attempt to warn travel from the opposite direction as to the danger ahead before attempting to pass the stalled automobile.

It is the theory of defendant that the driver of the truck was guilty of negligence in that he was traveling at an excessive and reckless rate of speed; that he did not have his truck under control; that had he been driving in a careful manner and kept his truck under control he could and should have stopped after discovering the position of the bus in time to have avoided the collision, and that such negligence on his part was the proximate cause of the injury.

The trial court adopted the theory of plaintiff. It held that the driver of the bus was guilty of negligence in attempting to pass the stalled car without first attempting to ascertain whether the way was clear and that such passage could be made in safety and that such negligence was the proximate cause of the injury and that the driver of the truck was free from negligence. We think the findings and judgment supported by the law and sustained by the evidence.

In the case of Oklahoma City v. Wilcoxson, 173 Okla. 433, 48 P. 2d 1039, we said:

"The driving of an automobile on the left side of the road in the act of passing a vehicle going in the same direction is negligent, if the circumstances are such that a reasonably prudent person, in the exercise of ordinary care, would not pass under similar circumstances."

In Berry, Law of Automobiles (2nd Ed.) § 2.536, it is said:

"It is the duty of a driver to see that the road ahead is clear when he attempts to pass another car moving in the same direction.

"One court has stated that a motorist turning onto the left side of the road to pass a car in front, is negligent unless he has a clear vision disclosing a stretch of unobstructed road which will permit of safe execution of the maneuver, or has such control of his car as will permit him to drop back into his own proper lane when the impossibility of safe passage becomes apparent; he is bound to anticipate the presence of cars coming from the opposite direction and to exercise a degree of care commensurate with the increased risk . . . "

In the case of Standard Oil Co. of Louisiana v. Davis, 185 Ark. 910, 50 S.W. 2d 596, the court said that a motorist who turns to the left in an effort to pass a truck in front of him without ascertaining whether a vehicle is coming from the opposite direction, is guilty of contributory negligence as a matter of law.

In the case of Jones v. Hanbury, 158 Va. 842, 164 S.E. 545, the court held that a motorist attempting to pass a forward car near the crest of a hill is negligent in not keeping a very vigilant lookout for traffic approaching from the opposite direction. To the same effect see the case of Schusterman v. Rosen, 280 Mass. 582, 183 N.E. 414; Greenwood v. Anderson, 143 Wash. 44, 254 P. 452.

As to the contention of defendant that the evidence is insufficient to support the judgment, it is sufficient to say that there is competent evidence tending to

support such judgment, and this court will therefore not reverse.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.