FANNIE WASSER, administratrix, *vs.* CONGREGATION AGUDATH SHOLOM OF CHELSEA, & another.

Suffolk.   November 30, 1927.— January 6, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Liability: insurer's liability under G. L. c. 175, § 113.   *Statute,* Construction: whether prospective or retroactive.

St. 1914, c. 464, (see now G. L. c. 175, §§ 112, 113; c. 214, § 3, cl. 10) does not apply to policies of insurance issued before its enactment nor to accidents theretofore occurring.

BILL IN EQUITY, filed in the Superior Court on March 26, 1926, against Congregation Agudath Sholom of Chelsea and The Travelers Insurance Company and described in the opinion.

The defendant insurance company demurred to the bill. The demurrer was heard by *Cox,* J., by whose order there was entered an interlocutory decree sustaining it.   A final decree dismissing the bill afterwards was entered.   The plaintiff appealed from the final decree.

*S. Markel, (D. H. Greenberg* with him,) for the plaintiff.

*J. J. Sullivan, (C. M. Pratt* with him,) for the defendants.

RUGG, C.J.   This is a suit in equity filed on March 26, 1926.   It is alleged to be brought to enforce a judgment

obtained on November 27, 1917, for damages for personal injuries and death of the petitioner's intestate occurring on the premises of the Congregation Agudath Sholom of Chelsea on February 12, 1913, by reason of the negligence of the latter, which judgment is wholly unsatisfied. The suit is prosecuted under G. L. c. 175, §§ 112, 113, and c. 214, § 3, cl. 10, first enacted in St. 1914, c. 464, against the Travelers Insurance Company, which had issued a policy of accident insurance under date of January 4, 1912, to the Congregation Agudath Sholom of Chelsea protecting it against loss or damage of the kind established by said judgment and in force on February 12, 1913. That policy of insurance provided that "No action shall lie against the Company to recover for any loss under Paragraph I. foregoing, unless it shall be brought by the Assured for loss actually sustained and paid by him in money in satisfaction of a judgment after trial of the issue, and no such action shall lie to recover under any other agreement of the Company herein contained unless brought by the Assured himself to recover money actually expended by him. In no event shall any such action lie unless brought within ninety days after the right of action accrues as herein provided." The policy was issued by the insurance company and the injuries were sustained by the plaintiff's intestate before the enactment of the statutes cited above. The provision of the policy of insurance already quoted, to the effect that no action should be brought unless by the assured for loss actually sustained and paid by him in money in satisfaction of a judgment, was valid and enforceable prior to the enactment of St. 1914, c. 464. *Connolly* v. *Bolster,* 187 Mass. 266. *Davison* v. *Maryland Casualty Co.* 197 Mass. 167. Payment of money by the assured was a condition precedent to recovery on the policy. *O'Connell* v. *New York, New Haven & Hartford Railroad,* 187 Mass. 272.

It cannot rightly be held that St. 1914, c. 464, was intended to apply to policies of insurance theretofore issued and to accidents theretofore occurring. So far as it gave a right of action to the person injured, it was something more than a modification of remedy. It would affect substantial contractual rights of the insurer by abolishing the condition

precedent to recovery if held applicable to such a case as the present.   Ordinarily statutes are held to be prospective and not retroactive in operation.   If the statute were framed to be applicable in words to a case like the present, it would be unconstitutional as impairing the obligation of contracts. This was assumed as the basis of the opinion in *Lorando* v. *Gethro,* 228 Mass. 181, 190, if not actually decided.   The case at bar is well within the principles declared after ample discussion in *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, and the cases there reviewed.   *Paraboschi* v. *Shaw,* 258 Mass. 531, and cases collected.   These two recent decisions are decisive against the plaintiff, and the reasons there stated and conclusions reached need not be repeated. They are adopted as the basis of this opinion.

The case at bar is quite distinguishable from *Dean* v. *American Legion of Honor,* 156 Mass. 435, *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, and similar cases where statutes relating purely to remedy and not affecting the substance of liability have been held to apply to pending cases.   The case is also distinguishable from *Lyons* v. *Boston & Lowell Railroad,* 181 Mass. 551, where the wholly statutory liability of a railroad for fires set by it was held to be affected by a statute allowing to the railroad the benefit of insurance taken out by the plaintiff.   That was held to be exclusively a remedial statute.   Of course, in its broad sense the present statute is remedial in that it affords redress for a hard situation where no remedy existed before. But it is not remedial in the narrow sense of relating solely to the form of remedy, practice and procedure.

*Decree affirmed with costs.*