## MYER ROSENTHAL *vs.* MAX LISS.

Bristol.    October 29, 1929. — November 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Supreme Judicial Court. Practice, Civil,* Appeal, Agreed facts. *Statute,* Effective date, Construction. *Way,* Public: trespasser. *Trespass. Motor Vehicle,* Registration.

At the trial in a district court of an action of tort for damage to the plaintiff's automobile on May 3, 1928, it appeared that on that date the certificate of registration which had been issued to the plaintiff for his automobile bore the number of a motor which he had discarded instead of one that he had installed in its place.   The trial judge, stating that such improper registration would bar recovery but for St. 1928, c. 187, ruled that under the statute in the circumstances the registration was proper.   The action was reported to the Appellate Division and the report was ordered dismissed.   On appeal to this court, the defendant argued the case on the theory that such ruling by the trial judge was right, and there was no argument nor brief for the plaintiff. *Held,* that
    (1) While this court commonly accepts a case as it is presented by the parties and assumes that points not presented by either party in argument are waived, in the circumstances the court felt called upon to take notice of an error as to the statute even though it did not affect the court's jurisdiction and the parties had failed to bring it to the court's attention;
    (2) St. 1928, c. 187, not being declared to be an emergency measure, was not in effect on May 3, 1928, the date the cause of action arose;
    (3) St. 1928, c. 187, affects substantive rights, and is not merely procedural;
    (4) The statute not being in effect on May 3, 1928, the plaintiff's automobile was a trespasser on the highway when it was damaged by the defendant and the plaintiff could not recover.

TORT.   Writ in the Third District Court of Bristol dated July 3, 1928.

Material evidence at the trial in the District Court is described in the opinion.  The judge found for the plaintiff in the sum of $47.27 and reported the action to the Appellate Division for the Southern District.  The report was ordered dismissed and the defendant appealed.

*O. S. Cook, M. R. Brownell, & F. H. Taber,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J.   This is an action of tort whereby the plaintiff seeks to recover damages to his automobile due to its collision on May 3, 1928, with a negligently operated automobile owned by the defendant.   The case was heard upon an agreed statement of facts.   Thus it appears that on January 1, 1927, the plaintiff had registered in his name a motor truck bearing its correct motor number.   In the following April he caused to be put in this truck, in place of the one previously there, a motor bearing a different number.   No information of this change was given either to the police of the nearby city of New Bedford or to the registry of motor vehicles.   In January, 1928, the truck, still driven by the motor placed therein in April, 1927, was registered without any statement of a change in the number of the motor.   The plaintiff informed his insurance company of the change of motors at the time the truck was registered for 1928, but the insurance company failed to note the different number of motor on the application for registration.   On January 1, 1928, the same truck of the plaintiff was registered and a certificate of registration was issued to the plaintiff bearing the number of the discarded motor instead of the different number of the motor actually in the truck.

After hearing the trial judge found for the plaintiff. This general finding imports a finding of all subsidiary facts necessary to that conclusion.   The trial judge was at liberty to draw from the agreed statement of facts any inferences of which they rightly might be susceptible, there being no express agreement that no inferences should be drawn.   G. L. c. 231, § 126.   By this statute the more strict rule governing cases tried upon agreed statements of facts stated in *Cunningham* v. *Connecticut Fire Ins. Co.* 200 Mass. 333, where earlier cases are collected, was materially broadened.   It must be presumed that the trial judge drew whatever inferences necessary to reach his conclusion rightly could be drawn from the agreed statement

of facts. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 522.

The trial judge filed a finding of facts as follows: "On the agreed statement of facts the sole question in this case is whether or not the plaintiff's automobile was registered according to law; if not, it was an outlaw upon the highway. There can be no question that prior to the St. 1928, c. 187, the automobile was not properly registered, the mistake in the engine number being a fatal one. At the time of the collision the statute (1928, c. 187) had taken effect and become the law. This statute in its first section provides that 'a motor vehicle or trailer shall be deemed to be registered in accordance with this chapter (G. L. c. 90) notwithstanding any mistake in the application for registration as relates to the engine, serial or maker's number thereof,' and I am of the opinion that this statement applies and that the plaintiff's automobile must be deemed to be properly registered."

This case was submitted on briefs by the defendant and no brief was filed or argument made in behalf of the plaintiff. The trial judge decided that the case at bar was governed by St. 1928, c. 187. Apparently the judges of the Appellate Division made the same decision. The defendant has argued the case solely on the theory that that part of the decision was right. Commonly we accept a case as it is presented by the parties and assume that points not presented by either party in argument are waived. "Questions which merely lurk in the record," capable of being raised but not urged by the parties, are not ordinarily searched out by the court but are passed in silence. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343, 344, and cases cited. *Webster* v. *Fall,* 266 U. S. 507, 511. To pursue that course in the case at bar would require us to determine whether the facts bring the case within the terms of a statute, and possibly to interpret a statute as binding upon the parties which had not become operative at the time the cause of action here depending arose. We think that we ought to take notice of that, even though it does not affect our jurisdiction and the parties have failed to

bring it to our attention, and that it would be unjust to decide a case on such an erroneous conception. *Commonwealth* v. *Andler*, 247 Mass. 580.

St. 1928, c. 187, was approved on April 2, 1928. It was not declared to be an emergency measure. Its title is "An Act relative to the effect of certain misstatements in applications for registration of motor vehicles or trailers and policies of insurance covering the same." The substance of the act confirms the accuracy of this description in its title. Consequently it does not fall within the matters excluded from the sweep of "The Referendum" under art. 48 of the Amendments to the Constitution, Part III, "Referendum Petitions," § 2, "Excluded Matters." See *Opinion of the Justices*, 254 Mass. 617; 261 Mass. 523, 554. It is therefore included within the class of statutes liable to be made subject to referendum under Part III, "Referendum Petitions," § 1, where it is provided as follows: "Contents. — A referendum petition may ask for a referendum to the people upon any law enacted by the general court which is not herein expressly excluded." It follows that this statute was subject to "The Referendum" Part I, "When Statutes shall take Effect," which is in these words: "No law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition, as herein provided."

The collision here in issue occurred on May 3, 1928. That was on the thirty-first day after the approval of the act by the Governor. Plainly the act had not then taken effect so as to govern the rights of the parties to this action, because ninety days had not then elapsed after it had become a law. Whatever may be the interpretation of G. L. c. 4, § 1, manifestly it cannot, and does not undertake to, override the provisions of "The Referendum," Part I, "When Statutes shall take Effect," already quoted. *National Fire Ins. Co.* v. *Goggin*, 267 Mass. 430, 435.

It is plain that St. 1928, c. 187, affects substantive rights. It converts that which theretofore was a nuisance on the

highway into a lawful object. Therefore it is prospective in operation and has no retroactive force. It does not govern the rights of parties respecting causes of action until it has taken effect. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–7, and cases cited. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Railway,* 266 U. S. 435, 437. The case at bar on this point is quite distinguishable from *Smith* v. *Freedman,* 268 Mass. 38, 42, *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, and similar decisions where statutes regulating evidence, practice and procedure have been held applicable to trials occurring after they have taken effect, even though the causes of actions may have arisen before.

The result is that the rights of the parties must be determined by laying to one side St. 1928, c. 187. That being so, the case presented was that of a motor vehicle whose certificate of registration showed the number of its motor to be different from the true number coming in collision on the highway with an object lawfully there. Such a motor vehicle was not properly registered and was a trespasser on the highway. Its owner could not recover for damages to it caused by the negligence of another. The first request for ruling ought to have been granted. The case on this aspect is governed by express authority. *Staley* v. *Wilbur,* 258 Mass. 481. *Wallace* v. *New Bedford & Onset Street Railway,* 259 Mass. 20. *Di Franco* v. *West Boston Gas Co.* 262 Mass. 387.

There was error in the finding of the trial judge for the plaintiff and in the order dismissing report. That order is reversed and judgment is to be entered for the defendant. G. L. c. 231, § 125. *Loanes* v. *Gast,* 216 Mass. 197, 199, 200.

*So ordered.*