ELIZABETH A. LEONARD *vs.* JOHN W. CONQUEST.

ROBERT G. LEONARD *vs.* SAME.

Essex.     January 15, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Motor Vehicle,* Registration, Operation. *Way,* Public: trespasser. *Trespass. Agency,* Existence of relation. *Wilful, Wanton and Reckless Misconduct.*

At the trial of an action for personal injuries suffered in 1927 by a woman who was driving on a public way an automobile owned by her husband, registration of which was granted upon his application stating an incorrect maker's number, rulings should have been given

that the automobile was improperly registered and was a trespasser and a nuisance on the highway.

At the trial of an action of tort for personal injuries caused in 1927 by the manner in which an automobile registered in the name of the defendant was driven, where it appeared that the defendant was not in the automobile, evidence, introduced by the defendant, that the defendant had lent the car to the driver for use on his vacation at a camp of the defendant, whence he was returning at the time of the accident, did not require a ruling that the defendant had overcome by evidence the *prima facie* case created by St. 1928, c. 317.

At the trial of an action by a woman who in 1927 was driving an automobile of her husband registered under an incorrect maker's number, there was evidence that, as the plaintiff was proceeding on a crowded public way, the roadway of which was wide enough only for two lines of traffic, the driver of the defendant's automobile, proceeding at the rate of thirty miles per hour, pulled out of the line of traffic approaching her from the opposite direction and continued to drive head on toward her until he forced her automobile off the road and against a pole. *Held*, that the evidence warranted a finding that the driver of the defendant's automobile was guilty of wilful, wanton and reckless misconduct.

Two ACTIONS OF TORT, with declarations as amended described in the opinion. Writs dated January 5, 1928.

In the Superior Court, the actions were tried together before *F. T. Hammond*, J. Testimony respecting the agency of Clark, referred to in the opinion, which came from the defendant's witnesses, was to the effect that the defendant had lent him the car for use on his vacation at a camp of the defendant, whence he was returning at the time of the accident. Other material evidence and rulings by the judge are stated in the opinion. There was a verdict for the plaintiff in the first action on a first count in the sum of $500, and for the plaintiff in the second action on a first count in the sum of $400 and on a second count in the sum of $50. The plaintiffs and the defendant alleged exceptions.

*E. J. Garity*, for the defendant.

*E. C. Jacobs*, for the plaintiff.

PIERCE, J. These are two actions of tort and were tried to a jury. The plaintiffs are husband and wife. The declaration of the wife, as amended, was in two counts; the first based upon the negligence of the defendant; the second upon the wilful, reckless and wanton misconduct

of the defendant, his agents or servants. The declaration of the husband, as amended, was in four counts. The first alleged property damage to his automobile through the negligence of the same defendant; the second claimed compensation for expenses sustained by the plaintiff for medicines, medical attendance, loss of services and the society of his wife through the negligence of the defendant; the third and fourth counts allege the same damages by the wilful, wanton and reckless misconduct of the defendant. At the close of the evidence the defendant presented motions for a directed verdict upon each count in both declarations. On these motions the judge ordered verdicts for the defendant on the counts on both declarations alleging wilful, wanton and reckless misconduct, and refused to allow the defendant's motions for directed verdicts upon the other counts. In each case the plaintiff excepted to the allowance of the motion for a directed verdict for the defendant, *supra,* and the defendant excepted to the denial of his motion to direct a verdict on the first count in Elizabeth A. Leonard's declaration and in the first and second counts in Robert G. Leonard's declaration. All the material evidence is contained in the defendant's bill of exceptions. The jury found for the plaintiffs on the counts submitted to them.

On his brief the plaintiff Robert G. Leonard waived the second count in his declaration for medical expense incurred in behalf of his wife, Elizabeth A. Leonard, and agreed that judgment may be entered for the defendant on that count. Prior to the charge the defendant presented the following requests for rulings and instructions to the jury in each of the cases: " 2. If the jury find that the registration of the automobile in which the plaintiff was riding contained an incorrect maker's number, the automobile was improperly registered." " 3. If the application for registration made by Robert G. Leonard incorrectly gave the maker's number of his automobile and the registration as issued contained said incorrect number, then the automobile was improperly registered and was a trespasser and a nuisance upon the highway." To the

judge's denial to give said rulings and to his refusal to instruct the jury as requested, the defendant duly excepted.

The facts as they are stated in the bills of exceptions are in substance as follows: The accident occurred at noon on Labor Day, 1927, on a much travelled highway between Boston and Newburyport, called the Newburyport Turnpike, in Lynnfield. At the point of the accident the road was perfectly straight in both directions for as much as a mile; it was of concrete construction and about twelve to fifteen feet wide. There were dirt shoulders on the side of the concrete; and near the right side of the road going toward Newburyport there were poles carrying wires. The plaintiff Elizabeth A. Leonard was not licensed to operate motor vehicles but was driving her husband's automobile on the license of her husband, who was riding with her at the time of the accident. They were driving toward Newburyport and the defendant was going in the opposite direction. Mrs. Leonard was driving on the right hand side of the road at the rate of twenty-two to twenty-four miles an hour. There was other traffic going in the same direction a few car lengths ahead, and an automobile a few car lengths in the rear going in the same direction. On the other side of the road " there was kind of a jam up the road a ways going toward Boston." On that side the traffic "was heavier and the cars were packed close together . . . probably three feet apart." The driver of the defendant's automobile on the plaintiffs' left pulled his automobile out of line to the left and came directly toward the front of the plaintiffs' automobile at a speed of thirty miles an hour. The plaintiff Elizabeth A. Leonard saw the automobile when it first came out of line toward her thirty-five to forty feet away. To avoid being hit, she turned her automobile shortly to her right and struck a pole seven or eight feet from the side of the road.

The defendant "concedes that there was evidence which . . . would warrant findings of negligence on the part of the driver of the defendant's automobile, and that

the plaintiffs in the actual operation of their automobile were not negligent." He contends, however, " that there was insufficient evidence to warrant a finding by the jury that at the time of the accident the automobile of the defendant was being operated by a person for whose conduct the defendant was legally responsible."

As respects the issue of the legality of the registration of the automobile driven by the plaintiffs, raised by the answer of the defendant and by the requests for instructions which were denied in both cases, the jury on the evidence would be warranted in finding the following facts: Robert G. Leonard purchased the automobile on May 7, 1927, from the North Shore Motors Company. At the time of the accident he was familiar with his original registration certificate on his car, which was then in force. This registration gave the maker's number of the automobile involved in the accident as E 29175, whereas the true number was E 298175. His application for registration gave the maker's number as E 29175 and he learned later that the maker's number which appeared on his application and on his registration were both mistakes. As this accident happened before the passage of St. 1928, c. 187, *Rosenthal* v. *Liss*, 269 Mass. 373, it is plain the registration was illegal, in that it did not include the number affixed by the maker. G. L. c. 90, § 2. *Staley* v. *Wilbur*, 258 Mass. 481. *Wallace* v. *New Bedford & Onset Street Railway*, 259 Mass. 20. The automobile was therefore a trespasser and a nuisance upon the highway. The defendant's requests for rulings and instructions numbered " 2 " and " 3," *supra*, should have been given.

As respects the agency of Clark, who was driving the automobile of the defendant at the time of the accident, we think the defendant was not entitled to a ruling that he had overcome by evidence the *prima facie* case created by St. 1928, c. 317. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587.

As respects the issues of wilful, wanton and reckless misconduct, the jury, on the undisputed evidence, warrant-

ably could have found that the driver of the defendant's automobile was guilty of wilful, wanton and reckless misconduct, as well as guilty of an intended wrong when, being in a moving line of traffic with automobiles ahead for a long way but only three feet apart, with automobiles coming in an opposite direction and the road wide enough only for two lines of traffic, he pulled out of line at a rate of speed of about thirty miles an hour and continued to drive head on toward the opposite line until he forced the automobile of the plaintiffs off the road and against a pole. The jury could find that the driver rode with death and that no reasonable person would expect to be saved from great bodily harm. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269. *Altman* v. *Aronson*, 231 Mass. 588, 592.

It results that the defendant's exception to the refusal to instruct the jury as requested must be sustained; that the exceptions of the plaintiff Elizabeth A. Leonard to the allowance of the defendant's motion to direct a verdict for the defendant on the second count of the declaration must be sustained; and that the exceptions of the plaintiff Robert G. Leonard to the allowance of the defendant's motion to direct a verdict for the defendant on the third and fourth counts of the declaration must be sustained. All other exceptions in each case are overruled.

*So ordered.*