Pettingell, J.
Action of tort to recover for personal injuries received by the plaintiff while riding as a guest in the defendant’s automobile which collided with a street car; *433 There was a finding for the defendant. The report contains all the evidence material to the questions reported.
There are two main issues in the case, the first having to do with gross negligence and the second, with the repealing effect of St. 1936, C. 49, which amended G. L. (Ter. Ed.) C. 89, §5.
Before the issue of gross negligence can be considered on its merits, it is necessary to ascertain whether that issue is open to the appellant. The trial judge found as a fact that the defendant was guilty of ordinary negligence but not guilty of gross negligence. The defendant contends that this finding of fact closes the door to the plaintiff on this question, and that an appellate tribunal cannot rule as matter of law that this finding of the trial judge was wrong.
The plaintiff, however, requested two rulings dealing with gross negligence which were denied. They are,
“1. That upon all the evidence, there is a sufficiency of evidence to prove that the defendant, under the circumstances, was guilty of gross negligence.
“2. That the defendant’s act in driving a motor vehicle on the left of a street car in the face of an oncoming street car constituted gross negligence.”
The defendant in his argument, ignoring the first request, contends that the second is really a request for a finding of fact, citing Castano v. Leone, 278 Mass. 429, at 430. The first request, however, cannot be ignored and must be dealt with; it raises a question of law which is vital to the case.
In deciding Castano v. Leone, supra, the court at page 431, called attention to the frequently repeated statement that a trial judge, sitting without a jury, acts in a dual capacity.
“He must lay down correctly the pertinent rules of law for his own guidance; and having done that he must follow those rules in making the findings of material facts upon the evidence.”
*434 Some of the “pertinent rules of law” which he must “lay down correctly” have to do with the evidence before him. A general finding by a trial judge is good, only if it is based upon sufficient evidence, and a finding based upon insufficient evidence may be set aside on review. Chase v. Breed, 5 Gray 440, at 441, 445; Fay v. Alliance Ins. Co., 16 Gray 455, at 461; Denny v. Williams, 5 Allen 1, at 4; Lamb v. Western Railroad Corp., 7 Allen 98, at 100; Reed v. Deerfield, 8 Allen 522, at 524; Brightman v. Eddy, 97 Mass. 478, at 481, 482; Markey v. Mutual Benefit Ins. Co., 103 Mass. 78, at 87; Reed v. Ashburnham Railroad, 120 Mass. 43, at 47; Snow v. Provincetown, 120 Mass. 580, at 587; King v. Nichols, 138 Mass. 18, at 23; Taylor v. Carew Mfg. Co., 140 Mass. 150, at 151, 152; Carter v. Goff, 141 Mass. 123, at 125, 126; Alger v. North End Savings Bank, 146 Mass. 418, at 421, 423; McCreary v. Boston & Maine Railroad, 153 Mass. 300, at 308; Cork v. Blossom, 160 Mass. 330, at 334; Brooks v. Old Colony Railroad, 168 Mass. 164, at 167; Aiken v. Holyoke Street Railway, 180 Mass. 8, at 10, 12; Dooley v. Greenfield &c. Street Railway, 184 Mass. 204, at 205, 206; Mason v. Gardner, 186 Mass. 515, at 516, 517; Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301; Goyette v. Amor, Mass. Adv. Sh. (1936) 1057, at 1058, 1059.
A party has the right to ask the court to rule upon the legal effect of evidence, Brightman v. Eddy, 97 Mass. 478, at 481; and where the evidence is insufficient in law to support a verdict, a refusal by the judge to instruct the jury that the evidence is insufficient is a good ground of exception. Denny v. Williams, 5 Allen 1, at 4. In the same way a refusal to rule that there is evidence to warrant a finding for the plaintiff may be prejudicial error, Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301.
*435 Evidence to be sufficient must be evidence proper to be weighed, evidence which is more than a suspicion, or a surmise, or a conjecture, and the “question whether there is evidence which should properly be submitted to the jury is sometimes a very nice once, since the court is not at that stage of the proceedings to pass upon the weight of the evidence but only to determine whether there is any evidence sufficient to go to the jury.” Hillyer v. Dickinson, 154 Mass. 502, at 503, 504.
In other words, when a request dealing with the sufficiency of the evidence which has been heard, is presented to the trial judge, before he can pass on the weight of the evidence, there is the preliminary question to decide, whether, in its aspect most favorable to the party who has the burden of proof and if taken to be true, it is sufficient to sustain that burden. He must regard it, for the purpose of dealing with the request, with all its possible inferences; Fay v. Alliance Ins. Co., 16 Gray 455, at 461; and if “upon any reasonable view of the conflicting evidence it can fairly be found as a fact” that the party has borne his burden of proof, he has a right to go to the jury. Aiken v. Holyoke Street Railway, 180 Mass. 8, at 11, 12.
The exercise of this right of a party to have the court rule upon the legal effect of evidence is important and material, because, unless such a request is filed before the trial is over, the issue that the finding made was not warranted by the evidence cannot be raised. Keohane petr., 179 Mass. 69, at 72, 73; Richards v. Appley, 187 Mass. 521, at 522; Manning v. Anthony, 208 Mass. 399, at 404; Reid v. Doherty, 273 Mass. 388, at 389, 390; Breen v. Burns, 280 Mass. 222, at 228; Segal v. Allied Mutuals Liability Ins. Co., 285 Mass. 106, at 109; Boston Continental National Bank v. Hub Fruit Co., 285 Mass. 187, at 189; Lender v. London, 286 Mass. 45, at 47; Spencer v. Burakiewicz, 288 *436 Mass. 83, at 85; Stowell v. H. P. Hood & Sons, Inc., 288 Mass. 555 at 556, 557; this issue can not he raised by a general exception to the finding, Parker v. Levin, 285 Mass. 125, at 129. The exception to this rule, represented by Leshefsky v. American Employers Ins. Co., Mass. Adv. Sh. (1936) 143, at 144, is fully as favorable to the plaintiff in this case as is the general rule, because in this case, as in that, there is no dispute about the facts.
In the case before us, the trial judge had before him a request for a ruling that upon all the evidence there was a sufficiency of evidence to prove gross negligence. In the ordinary case, his duty would have been to consider the evidence impartially, leaving out all questions of weight and credibility, and then to rule whether or not, the evidence before him, if submitted to the jury, would permit that body, having duly weighed it, to find gross negligence. In the instant case, this preliminary decision was made easier because credibility did not enter into the matter at all. The evidence before him was uncontradicted, a substantial portion of it came from the defendant himself and there was no other evidence to vary it, see Leshefsky v. American Employers Ins. Co., Mass. Adv. Sh. (1936) 143, at 144.
Under these circumstances his denial of the plaintiff’s first request was in effect a ruling that under no circumstances could the undisputed facts before him constitute gross negligence. This, we believe, was prejudicial error.
There was evidence before the trial judge upon which he subsequently made a finding of facts as follows:
“The accident in which the plaintiff was injured took place at 10:45 P. M. on North Main Street in the City of Pall River on October 20, 1935. The plaintiff and defendant are first cousins. They had been attending a ‘wake’ in Central Falls, Rhode Island and were returning to the home of the defendant in Pall* *437 River. There was another passenger in the car in addition to the plaintiff. The plaintiff was sitting in the rear seat behind the other passenger. There are two sets of street car rails on North Main Street. The defendant was driving behind a north-bonnd street car and followed that car for several hundred yards. The defendant then turned to the left to pass the north-bound car and before he had passed it he collided head-on with a south bound street car. He was driving at a speed of about fifteen miles per hour and was partly to the left of the centre of the way. The defendant in the exercise of reasonable care would have seen the southbound car approaching but due to his negligence he failed to see it until it was too late to avoid a collision. There was sufficient space in the roadway to the right of the north-bound car to enable the defendant to pass on the right in safety although the space was somewhat narrow.”
Beginning with Manning v. Simpson, 261 Mass. 494, 496, there is a line of cases which includes Learned v. Hawthorne, 269 Mass. 554, at 558, 561; Schusterman v. Rosen, 280 Mass. 582, at 587; Curtis v. Comerford, 283 Mass. 589, at 591, 593; Lefeave v. Ascher, Mass. Adv. Sh. (1935) 2361, at 2362, 2363; and Campbell v. Costin, Mass. Adv. Sh. (1936) 215, at 218; in each of which the essential facts have been that the defendant turned his car to the left in the face of an oncoming vehicle, which either was in sight at the time, or was close at hand but hidden by some obstruction of the view. In each of these cases it was held, either that a finding of gross negligence was warranted, or that it could not be said as matter of law that it was not warranted.
In Manning v. Simpson, 261 Mass. 494, at 495, 496, the action of the driver was characterized as “an utter disregard of the dictates of prudence amounting to complete neglect of the safety of the guest, which would constitute gross negligence”. In Learned v. Hawthorne, 269 Mass. *438 554, (which is the case on its facts most closely resembling the case under consideration) the court said, at page 561, “the conduct of the defendant was that of one who recklessly exercised no forethought, no diligence, for the safety of his guests, or of himself, when in a situation which the most inattentive and careless person would recognize as pregnant with imminent peril to life person and property.” Either of these quoted statements is perfectly applicable to the facts in the case at bar.
The only case in which a set of facts resembling those existing in this case have been ruled not to constitute gross negligence is that of Richards v. Donohue, 285 Mass, 19, at 21, 22. In that case, the defendant, having gotten improperly into the path of an oncoming car, in trying to get back on the right side of the road, lost control of his car which overturned. There was in that ease an appreciation of the danger and a conscious attempt to avoid it. In the present case there was no recognition of the danger and no effort to escape it or to avert the consequences of the defendant’s carelessness.
In Leonard v. Conquest, 274 Mass. 347, at 350, on a somewhat similar set of facts, it was held that the jury would be warranted in finding that the driver of the defendant’s car was guilty of wilful, wanton and reckless misconduct. Other similar cases in which findings of gross negligence were held to be warranted are Dzura v. Phillips, 275 Mass. 283, at 287, 289; and Smiddy v. O’Neil, 277 Mass. 36, at 37, 38.
The situation is not helped or cured by the judge’s finding of fact that the defendant was not guilty of gross negligence. Having ruled, as matter of law, that the evidence before him could not constitute gross negligence, there was nothing before him to consider and weigh. By denying the plaintiff’s request he ruled that under no circumstances on *439 the evidence in the case could he find gross negligence as a fact. See Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301, and Goyette v. Amor, Mass. Adv. Sh. (1936) 1057, at 1058, 1059, for analogous situations. In Bresnick v. Heath, on conflicting evidence, a finding of negligence as a fact, would have rendered the ruling requested irrelevant, hut in Goyette v. Amor as in the case at har, the evidence was all one way, in that case negative, in this positive, and in either case, the granting of the request would have required a finding for the party making it.
Because we believe that the evidence before the trial judge was sufficient to warrant a finding of gross negligence, we are of opinion that there was prejudicial error in his denial of the first ruling requested.
The other main issue of the case has to do with the effect of St. 1936, C. 49, which struck from G. L. (Ter. Ed.) C. 89, §5, the words creating a civil liability following a violation of the preceding sections. The trial judge ruled “as a matter of law that by virtue of Statutes 1936, C. 49, the plaintiff is not entitled to recover under Counts 1 and 2 of the declaration”.
There are no words of repeal in St. 1936, C. 49 ; certain words in the original statute are stricken out. There is therefore no express repeal, but a repeal by implication. “Those parts of the original statute which are inconsistent with the amended statute, and those only, are repealed by implication”. McAdam v. Federal Mutual Liability Ins. Co., 288 Mass. 537, at 541. What is cut off is a right to bring a civil action. The immediate issue is what effect the cutting off of that right has upon an action, such as the instant one, which had been begun when the amendment went into effect.
The effect of the repeal of a statute upon contractual rights which have vested is now definitely certain. In Frank Kumin Co. Inc. v. Marean, 283 Mass. 332, the Su *440 preme Judicial Court quotes at page 335, from Coombs v. Getz, 285 U. S. 434, at 442, as follows:
“The repeal put an end to the rule for the future hut it did not and could not destroy or impair the previously vested right of the creditor (which in every sense was a property right . . .) to enforce his cause of action upon the contract.”
It must be taken as finally settled that the retroactive application of a repealing statute to pending cases involving contractual rights would be unconstitutional. Wasser v. Congregation Agudath Sholom, 262 Mass. 235; Manley’s case, 280 Mass. 331, at 334, 335; Wynn v. Board of Assessors, 281 Mass. 245, at 249.
There are decisions in Massachusetts that rights to recover in tort for statutory violations are “substantive” rights and that such rights, when represented by pending actions, are not affected by the repeal of the statute, the violation of which created them. Thus in Wild v. Boston & Maine Railroad, 171 Mass. 245, it was held that where the plaintiff was injured in his property by fire for which the defendant was hy statute hable, the rights and liabilities of the parties were to be determined as of the date of the fire, and that a statute changing the rule of damages, enacted after the fire did not apply. In several cases it was held that the St. 1928 C. 187, which provided that certain misstatements in applications for registration of motor vehicles did not invalidate the registration, did not apply to actions pending when the amendment was passed. In the first of these, Rosenthal v. Liss, 269 Mass. 373, the court said, at page 373,
_ “It is plain that St. 1928, C. 187, affects substantive rights. It converts that which theretofore was a nuisance on the highway into a lawful object. Therefore it is prospective in operation and has no retroactive force. It does not govern the rights of parties respecting causes of action until it has taken effect.”
*441 See also, Cook v. Crowell, 273 Mass. 356, at 358, Leonard v. Conquest, 274 Mass. 347, at 351, Brown v. Robinson, 275 Mass. 55, at 57.
In Hennessey v. Moynihan, 272 Mass. 165, we are brought face to face with a repeal and its effect upon pending actions. Prior to St. 1928 C. 166, the operator of a motor vehicle was required by statute (G. L. C. 90, §14, as amended by St. 1925, C. 305), upon approaching a pedestrian on the highway, to slow down and “sound a timely signal with his bell, horn or other device for signalling”. By St. 1928, C. 166, the requirement of the “timely signal” was stricken out, the method used by the legislature being the dropping out of certain words as in the case of St. 1936, C. 49. At page 169, the court said,
“If, by reason of the defendant’s exception to the giving of the plaintiff’s thirteenth request for rulings, any question is before us as to whether the provisions of G. L. C. 90, §14, amended by St. 1925, C. 305, . . . which was repealed by St. 1928, C. 166, is applicable to this case, no error is disclosed. This statutory provision dealt with substantive rights rather than with procedure, and, consequently remained applicable to the case of an accident occurring as here, before its repeal, though the trial took place after such repeal. ’ ’
The decision in Hennessey v. Moynihan, was followed by a similar one in Engel v. Checker Taxi Co., 275 Mass. 471, at 476.
Begardless of arguments based upon other theories of the law supported by cases in other jurisdictions, we feel that as long as Hennessey v. Moynihan and Engel v. Checker Taxi Co., remain unrepealed, we have no option in cases such as the instant one but to hold that, prior to St. 1936, C. 49, “substantive rights” were created by the violation of G. L. (Ter. Ed.) C. 89, §§1 to 4, and that St. 1936, C. 49, although it repealed the clause creating a civil lia *442 bility for violations of those sections, did not and conld not affect cases pending when the repealing statute was passed. Whatever the principle of law may be upon which the inviolability of “substantive rights” rests, because they are a species of property right or otherwise, the inviolability seems incontestable and must be accepted.
Since the enactment of St. 1936, C. 49, the Supreme Judicial Court has passed upon one case which was pending when the repeal became effective, DiDonato v. Renze, Mass. Adv. Sh. (1936) 1453, in which the defendant’s exceptions were over ruled. In the report of that case, no mention is made of the repealing statute or its effect. This may be significant in view of the fact that in Rosenthal v. Liss, 269 Mass. 373, the Supreme Judicial Court, of its own motion, called attention to the fact that St. 1928, C. 187, was not applicable although it had been so regarded by the parties and by the trial court.
We find prejudicial error in the ruling of the trial judge that St. 1936, C. 49, barred recovery by the plaintiff.
The finding for the defendant is to be vacated and the case is to stand for a new trial.