No. 3002 Northern Middlesex, ss.
LENT (George M. Heathcote)
v. VANGOS (T. C. Heyliger)

From the First District Court of Northern Middlesex
—Clark, J.

Argued Dec. 1, 1941—Opinion filed Dec. 21, 1941

PETTINGELL, J. (Jones, P. J., and Wilson, J.)—While the plaintiff was travelling in the exercise of due care, his automobile was struck by one driven by the defendant, and the plaintiff was injured. The trial judge found that the accident happened on a two lane highway; that the plaintiff's speed was about 20 to 25 miles an hour; that there was ice and snow on the highway; that the plaintiff when hit was in the exercise of due care; "that the defendant drove out of line, or failed to use due caution in not keeping on his right side of the road on approaching the plaintiff and thereby violated Section 1 of Chapter 89 of the General Laws (Ter. Ed.). I conclude further that such operation of his car by the defendant was within the reasoning and authority of *Leonard* v. *Conquest*, 274 Mass. 347, and like cases, and was wilful, wanton and reckless under the circumstances."

There was a finding for the plaintiff.

The defendant filed seven requests for rulings, of which the trial judge granted five and denied the following:

"1. On all the evidence, as matter of law, the plaintiff is not entitled to recover."

This was denied as "Inapplicable to the facts found."

"6. On all the evidence the plaintiff has failed to prove wanton and wilful negligence on the part of the defendant."

This was denied as "Inapplicable to finding."

The first matter to be considered is the issue, if any, raised by the denial of the first requested ruling.

The ruling was one admitting of specifications and the defendant was not entitled to it as of right. Rule 27, District Court Rules (1940) Ed.). Such a request is in effect a request for the court to rule that the evidence was insufficient in any legal form of declaring to justify a finding for the plaintiff in any amount. *Rubin* v. *Huhn,* 229 Mass. 126. Although the trial judge could have declined to give the ruling as not complying with Rule 27, he chose to pass upon the merits of the request and to deny it as inapplicable to the facts found. *DiLorenzo* v. *Atlantic National Bank,* 278 Mass. 321, at 325. His action in disposing of it in this manner was error if the evidence was insufficient to warrant a finding for the plaintiff. If there was sufficient evidence for such a finding the defendant was not harmed. The disposition made of the ruling requested raises the issue of the sufficiency of the evidence to warrant the finding made.

The Supreme Judicial Court has already passed upon the issue of wilful, wanton and reckless conduct with relation to facts such as are presented by the case under consideration. In *Leonard* v. *Conquest,* 274 Mass. 347, at pages 351 and 352, the court said:

"the jury on the undisputed evidence, warrantably could have found that the driver of the defendant's car was guilty of wilful, wanton and reckless misconduct, as well as guilty of an. intended wrong when, being in a moving line of traffic with automobiles ahead for a long way but only three feet apart, with automobiles coming in an opposite direction and the road wide enough only for two lines of traffic, he pulled out of line at a rate of speed of about thirty miles an hour and continued to drive ahead on toward the opposite line until he forced the automobile of the plaintiff's off the road and against a pole."

This is almost an exact statement of what happened in the case at bar. The chief difference in the facts of the two cases are that in that case the evidence was not in dispute, while in this case the defendant attempted an explanation which could have been found to be wilfully false; and that here the road was icy and snowy. Each accident happened on the same kind of a road, there, "wide enough only for two lines of traffic," here, the road was "a two way highway." In that case the defendant cut out of line thirty five to forty feet from the plaintiff's car, here fifteen feet. The defendant's speed was thirty miles an hour in that case; there was testimony here that the defendant's speed was forty miles an hour,

and the speed of the line he was cutting out of was "25-30 miles per hour." In that case the defendant cut out of a congested line of traffic; in the case at bar, the defendant's testimony was that there were cars ahead of him and cars behind him. In *Leonard* v. *Conquest*, supra, the Supreme Judicial Court definitely classified the conduct of the driver of the defendant's car in that case as wilful, wanton and reckless.

An important factor in the case at bar is the testimony of the defendant which the justice could have found to be wilfully false. In the first place, if false, the testimony was not a sufficient explanation to absolve the defendant from liability. In the absence of such an explanation, negligence on his part could have been inferred. *Bryne* v. *The Great A. & P. Co.* 269 Mass. 130, at 131. Negligence, however, is not a necessary element of wilful, wanton and reckless conduct, and an inference of negligence is not material in this case. It is material that a satisfactory explanation is absent.

The effect of the defendant's testimony, if wilfully false, goes further. If found wilfully false, on the authority of *D'Archangelo* v. *Tartar*, 265 Mass. 350, at 352, supra, such testimony had a probative force and could constitute an admission from which, with other evidence of liability could be inferred. It had probative force because of its tendency to prove a consciousness of liability and an attempt to escape from it.

When analyzed, the liability of which the defendant could have been found to be conscious was his liability at the time of the trial at which he was testifying, a liability described by the plaintiff in his amended declaration as arising from wilful, wanton and reckless conduct. Liability for negligence was not then in his mind, because such liability was not charged against the defendant; what he sought to evade was the liability defined in the declaration by the plaintiff, in which the defendant's mental attitude, either actual, or constructive or imputed, was a vital part. From his wilfully false testimony, an inference was possible, which, combined with other evidence, would warrant a finding adverse to the defendant.

There was such other evidence in the testimony that the defendant drove out of line and struck the plaintiff's car, injuring him, without an adequate explanation of his conduct. This evidence, when supplemented by the inference to be drawn from wilfully false testimony, constituting an admission of a consciousness of liability of wilful, wanton and reckless conduct, and an attempt to evade it, completed the proof that the act of the defendant was done, either deliberately and intentionally, or with a total disregard of its harmful consequences to other persons in his path. An inference of his liability was thus warranted.

The trial judge found that "the operation of his car by

the defendant was within the reasoning and authority of *Leonard* v. *Conquest,* 274 Mass. 347." We think that there was evidence warranting such a conclusion and that there was no error in denying as inapplicable to the facts found, or to the finding, the first and sixth rulings requested by the defendant.

There is another reasoning why the sixth ruling requested could not properly have been given. The ruling was based on "wanton and wilful negligence." Negligence is not a necessary part of wilful, wanton and reckless conduct. *Potter* v. *Gilmore,* 282 Mass. 49. "It must now be taken as fully settled in this Commonwealth that negligence and wilful and wanton conduct are so different in kind that words properly descriptive of the one commonly exclude the other." *Miller* v. *United States Fidelity & Guaranty Co.,* 291 Mass. 445.

The sixth requested ruling, to be applicable, should have contained the element of indifference to the probable consequences of the act alleged. *Isaacson* v. *Boston, Worcster &c. St. Ry.* 275 Mass. 378, at 387, 388. "Wanton and wilful negligence" is not the same thing as "wilful, wanton and reckless conduct."

No prejudicial error appearing, the report is to be dismissed.