ARNOLD A. TOMPKINS & another vs. CYRIL R. PRATT
(and a companion case[1]).

Middlesex.    October 9, 1957. — January 22, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Negligence*, Gross, Motor vehicle.

Evidence that the operator of an automobile approached a blind corner
at an intersecting street to his left on the left side of the white center
line of the street on which he was travelling and in a path from which
he was unable to turn because of parked automobiles on his left and
moving traffic on his right, and at a speed preventing him from stopping
quickly, warranted a finding of gross negligence on his part toward a
guest in his automobile injured when it collided with a truck which had
come out of the intersecting street and turned toward the automobile.

Two ACTIONS OF TORT.    Writs in the Superior Court dated
June 29, 1953.

The actions were tried before *Kalus*, J., a District Court
judge sitting under statutory authority.

*Benjamin Goldman*, for the plaintiffs.

*Holland W. Hazen*, for the defendant.

WILLIAMS, J.    These are two actions of tort in each of
which a minor guest passenger seeks to recover for personal
injury and his father for consequential damage allegedly
caused by the gross negligence of the defendant in the
operation of his automobile on Main Street, Woburn, on
July 5, 1947.    There was evidence that Main Street was forty
feet in width.    Automobiles were parked on either side and
a line of traffic, including the automobile operated by the
defendant in which the minor plaintiffs were riding as guests,
was proceeding in a southerly direction westerly of a white
center line at a rate of twenty to twenty-five miles per hour.
When from two hundred to two hundred fifty feet north of

_____

[1] The companion case is by Vaughn A. Tompkins, Junior, and Vaughn A.
Tompkins against the same defendant.

Cross Street which intersected Main Street from the east the defendant crossed the center line at his left to pass an automobile ahead of him and thence continued on the left or east of that line at thirty to thirty-five miles an hour to the intersection. The view of an operator approaching the intersection from either Main or Cross Street was obstructed by a building on the northeast corner. As the defendant drew near the corner a small truck came out of Cross Street and turned north on Main Street. The defendant applied his brakes and his automobile after skidding twenty-seven feet collided with the front of the truck. The minor plaintiffs were injured. In each case the judge directed verdicts for the defendant and the plaintiff excepted.

It could be found that the defendant approached a so called blind corner not only on the left of the road but in a path from which, because of parked automobiles on his left and moving traffic on his right, he was unable to turn, and at a speed which prevented him from making a sudden stop. His act was deliberate and so plainly involved danger to others that a jury would be warranted in finding such indifference to legal duty on his part as to constitute gross negligence. *Altman* v. *Aronson,* 231 Mass. 588, 591–592. *Leonard* v. *Conquest,* 274 Mass. 347. *Schusterman* v. *Rosen,* 280 Mass. 582. *Campbell* v. *Costin,* 293 Mass. 225.

*Exceptions sustained in each case.*