*Northern District*

No. 5704

**ABBOTT MOTORS, INC.**

**v.**

**REGINALD H. BROWN**

Feb. 8, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Artesani, J.* in the Second District Court of Eastern Middlesex. No. 137.

*Parker, J.* This is an action for breach of

conditional sales contract. Defendant's answer is a general denial. *On* 11 *July*, 1957, defendant and plaintiff entered into a conditional sales contract whereby the defendant purchased a 1957 automobile from the plaintiff, payment to be made in thirty-six installments of $69.17. The contract was assigned in writing to the National Shawmut Bank by the plaintiff. Fifteen payments were made by defendant, and then there was a default. The plaintiff paid the National Shawmut Bank $1415.44 and the contract, which had been assigned to the bank was delivered by it to the plaintiff. There was no written assignment by the bank to the plaintiff, but there was evidence that this procedure was customary and that reassignment was effected by such a return of the contract. The automobile was repossessed from the defendant 15 *January* 1959 and sold by the plaintiff on 29 *February* 1959. The plaintiff then brought this suit against the defendant for the deficiency on the conditional sales agreement. After addition of certain charges due the plaintiff, and application of credits due to the defendant, the court found a balance of $232.89 to be due from the defendant to the plaintiff, and found for the plaintiff in that amount with interest from the date of the writ.

The defendant properly filed seven requests for rulings, but in his brief and on oral argument, the defendant only alleged error in the court's denial of his requests #7 and #3.

Request #7 reads as follows:

7. The defendant is not liable for any deficiency to the plaintiff since the plaintiff did not comply with M. G. L. c. 255-B, §20A, which requires that a signed affidavit by the purchaser stating the price paid for the motor vehicle and the place and date of the sale be filed on the return day of a deficiency suit.

G. L. c. 255B, §2A, (1960, c. 173) reads as follows:

"the maker of a note secured by a mortgage or conditional sales contract, relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sale contract, unless the holder of said note shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said motor vehicle and the date and place of the sale".

§2A of G. L. c. 255B was approved by the Governor 10 *March* 1960, and took effect on 8 *June* 1960. The plaintiff entered this action in the Second District Court of Eastern Middlesex on 9 *July* 1960, and the record shows that no affidavit as called for by this section was filed.

When the sale of the car after repossession was made, there were no requirements that any affidavit as called for by G. L. c. 255B, §2A should be filed, but before suit for the deficiency was instituted, such a requirement had been imposed by §2A. The defendant argues that on these facts the plaintiff is

barred from proceeding because he did not file such affidavit.

■ Commonly a statute is held to be prospective rather than retroactive in its operation unless an intention clearly appears that it is to be retroactive. *Berkwitz, petitioner,* 323 Mass. 41, 46-47; *Ring v. Woburn,* 311 Mass. 679, 682; *Shallow v. Salem,* 136 Mass. 136.

■ A statute may operate retroactively if it effects a remedy, such as a change in the period in which an action can be brought. *Brigham v. Bigelow,* 12 Met. 268.

■ A statute may not act retroactively if it effects a substantive right. *Bernhardt v. Atlantic Finance Corporation,* 311 Mass. 183, 190; *Opinion of Justices,* 334 Mass. 711, 714; *Wasser v. Congregation Agudath Sholom,* 262 Mass. 235.

A statute may not have a retroactive effect if the results of such retroactive application will change a contract right to the detriment of either party. *Hanscom v. Malden & Melrose Gas Light Co.,* 220 Mass. 1, 7; *No. Bridgewater Bank v. Copeland,* 7 Allen 139.

In the case at bar, the provision of the statute which calls upon the vendor in a conditional sales agreement to provide an affidavit from a person who has had no connection with the original contract between the vendor and the buyer, certainly imposes a new duty and a new obligation which did not exist at the time the contract was entered into and so most certainly changes the origi-

nal contract right of the vendor to his disadvantage. Accordingly, the statute is not to be applied retroactively, and it is not required that the plaintiff in this case file the affidavit called for in the statute. To hold otherwise would make the statute unconstitutional as an impairment of contract.

The defendant, the appellant in the case in bar, relies heavily on the case of *Mulvey v. Boston,* 197 Mass. 178. It is to be pointed out that this case was an action of tort and did not involve a contract right. Further, it was a case dealing with a time limit for bringing actions. No additional obligations were imposed upon one of the parties as in the case at bar. A reading of the discussion in the *Mulvey* case strengthens the plaintiff's position in the case rather than supports the defendant's case. If the defendant's argument was held to be correct, the plaintiff would be barred from a recovery if through no fault of his, the purchaser at the sale refused to give the plaintiff the affidavit.

We are of the opinion that there was no error in the denial of the defendant's request for ruling #7.

■ The defendant's request #3 reads as follows:

3. The evidence shows that there was no reassignment back from the assignee National Shawmut Bank to the assignor, Abbott Motors, Inc.

There was evidence that the plaintiff paid to the National Shawmut Bank $1415.44 and in return received back the contract which

had previously been assigned to the bank. There was no evidence of a written reassignment from the bank to the plaintiff, but there was evidence that it was customary to effect reassignment by return of the contract.

The defendant agrees that whether there was a reassignment of the contract or not is one of a fact, but argues that the finding of the court that there was a reassignment is not substantiated by the evidence. Neither defendant nor plaintiff cite any authority on the question of what establishes a reassignment and so we are not helped by the parties on this point.

There was evidence that the plaintiff made a payoff to the bank in the amount of $1415.44 and in return received the contract which had been assigned to it.

Neither a written nor an oral assignment was necessary to give the plaintiff the right to proceed with his action since the contract was delivered to the plaintiff by the bank. *Westminster Nat. Bank v. Graustein*, 270 Mass. 565, 574.

Further as agreed by the defendant in his brief, the question of an oral assignment is a question of fact and there is ample evidence of this by the delivery to the plaintiff of the written contract. *Currier v. Howard*, 14 Gray 511, 513.

We find no error in the denial of the defendant's request for ruling #3.

The report is to be dismissed.

David W. Hays, of Boston, for the Defendant.

· Harnish, Mansfield, Marsh˚ & MacDonald, of Waltham, for the Plaintiff.